## COLLINS *v.* GREEN.

[No. 6,166. Filed December 11, 1907.]

1.  CONTRACTS.—*Commissions.—Sales.—Real Property.*—A contract by which plaintiff agreed to pay to defendant a certain sum for the purchase, for plaintiff, of a certain tract of land, is not within §6629a Burns 1901, Acts 1901. p. 104, §1, providing that no contract for the payment of money for the finding or procuring of a purchaser for real estate shall be valid unless in writing. p. 631.
2.  SAME.—*Real Property.—Statute of Frauds.*—Defendant's contract to purchase, in defendant's name, a certain tract of land for the plaintiff and subsequently to convey same to plaintiff is within §6629 Burns 1901, cl. 4, §4904 R. S. 1881, providing that "no action shall be brought * * * upon any contract for the sale of lands" unless the contract be in writing. p. 631.
3.  SAME.—*Performance.—Statute of Frauds.—Real Property.*— Where defendant purchases with his own money a tract of land upon an oral agreement to convey the same to plaintiff, and defendant. in violation thereof, sells such tract to another, there is no performance of such contract sufficient to take the case out of the statute of frauds. p. 631.

From Dubois Circuit Court; *E. A. Ely*, Judge.

Action by Nicholas Collins against Culvin Green. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Bretz & McFall* and *Cox & Hunter*, for appellant.
*William A. Traylor* and *Bomar Traylor*, for appellee.

ROBY, J.—It is averred that Collins employed Green to purchase for him certain real estate, agreeing to pay him $760 when the purchase was made; that Green did buy the real estate for the sum of $9,540, and took a warranty deed therefor; that he refused to convey the same to Collins, but sold it to another party for $960 more than the cost thereof; that it was worth $12,000. Wherefore Collins demanded damages in the sum of $3,000.

The trial court held that the contract was within the statute of frauds. Section 6629a Burns 1901, Acts 1901, p. 104,

NOVEMBER TERM, 1907. 631

Sullivan Mach. Co. v. Breeden—40 Ind. App. 631.

§1, provides: "That no contract for the payment of 1. any sum of money, or thing of value, as and for a commission or reward for the finding or procuring, by one person, of a purchaser for the real estate of another shall be valid, unless the same shall be in writing, signed by the owner of such real estate," etc. The contract set out is not a contract for the finding or procuring of a purchaser, and is therefore not affected by this section of the statute.

The contract is averred to have been one for the purchase of lands by Green, and for a subsequent conveyance by him to Collins. Clause four of the statute of frauds 2. (§6629 Burns 1901, §4904 R. S. 1881) renders contracts for the sale of lands unenforceable "unless the * * * contract, * * * shall be in writing," etc. Appellant seeks to recover the difference between what the land would have cost him and what it was worth. This he could only do upon the theory that he was entitled under his contract with Green to a conveyance of the land.

It is argued that the contract was taken out of the statute by performance. The trouble with this is that the facts do not show performance. The contract required a conveyance to Collins, which was not made, and because 3. of the failure to make said conveyance the action is brought. Collins did not pay any part of the purchase money. No facts tending to establish a trust of any kind are set up, and the conclusion reached by the trial court was the correct one.

Judgment affirmed.